## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

SCOTT L. APEL,
    **Plaintiff,**

vs.                                        **Case No: 3:06cv126/MCR/MD**

FEDERAL BUREAU OF INVESTIGATION,
    **Defendant.**
_____

### ORDER and
### REPORT AND RECOMMENDATION

    This cause is before the court upon plaintiff's civil rights complaint (doc. 1) filed pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983, and his motion to proceed *in forma pauperis* (doc. 5). Good cause having been shown, leave to proceed *in forma pauperis* will be granted. However, upon review of plaintiff's complaint, the court concludes that plaintiff has not presented and cannot present an actionable claim in this forum and that dismissal is therefore warranted.

    Named as the sole defendant in this action is the Federal Bureau of Investigation ("FBI"). Plaintiff complains that FBI "Agent X" failed to conduct an investigation into the violation of plaintiff's civil rights by the State Attorney's Office and the Public Defender's Office. Specifically, plaintiff alleges he told "Agent X" that those entities engaged in "a criminal and civil conspiracy." (Doc. 1, p. 3). Claiming violations of 42 U.S.C. §§ 1983 and 1985, plaintiff seeks as relief monetary damages and to have the FBI investigate his claim of violation of his civil rights. (*Id.*, p. 4).

    Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous

Dockets.Justia.com

under section 1915(d) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. *Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3d 922, 923 (11th Cir. 1997).

As a preliminary matter, it is noted that although plaintiff raises his claims under 42 U.S.C. §§ 1983 and 1985 which pertain to conduct committed by a person acting under color of <u>state</u> law, plaintiff neither claims nor alleges facts to suggest that defendant was acting under color of state law. Rather, he alleges defendant was acting under color of <u>federal</u> law when he engaged in the alleged unconstitutional conduct. The cause of action available to a person claiming a violation of his civil rights by a <u>federal</u> official is 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[1] Thus, plaintiff's complaint is construed as arising under *Bivens*.

Plaintiff cannot assert a *Bivens* claim against the FBI. While the Supreme Court in *Bivens* ruled that a plaintiff may file a damages suit for constitutional violations against federal officials in their individual capacities, the Court has declined to recognize a direct action for damages against federal agencies. *F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). Moreover, even

---

[1]In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Court implied a cause of action against federal agents who allegedly violated the United States Constitution.

construed as a damages claim against the United States, such claim would be barred by sovereign immunity. Sovereign immunity bars lawsuits against the United States unless Congress has specifically waived that immunity. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 32, 112 S.Ct. 1011, 1014, 117 L.Ed.2d 181 (1992); *United States v. Mitchell*, 454 U.S. 535 (1980); *United v. Testan*, 424 U.S. 392 (1976); *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). Waiver of sovereign immunity is a prerequisite to subject matter jurisdiction. *Sherwood*, 312 U.S. at 586, 61 S.Ct. at 769. The United States has not waived its sovereign immunity under *Bivens*. *Meyer*, 510 U.S. at 484-86; *Bivens*, 403 U.S. at 410. Consequently, plaintiff's monetary damages claims against the FBI should be dismissed.

Nor can plaintiff maintain a suit for the injunctive relief he seeks. Federal agencies cannot be sued in their own name unless Congress explicitly authorizes suits against a federal agency. *Blackmar v. Guerre*, 342 U.S. 512, 515, 72 S.Ct. 410, 412, 96 L.Ed. 534 (1952); *Painter v. F.B.I.*, 537 F.Supp. 232, 236 (N.D. Ga.), *aff'd*, 694 F.2d 255 (11th Cir. 1982). Absent Congressional authorization, federal courts lack subject matter jurisdiction over claims against federal agencies, and any attempt to sue an agency is construed as an action against the United States. *Id.* So construed, plaintiff fails to state a claim upon which relief may be granted. In order to receive declaratory or injunctive relief, a plaintiff must establish "that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law." *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000). It is well settled that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973); *see Sure-Tan, Inc. v. NLRB*, 467 U.S. 883, 897, 104 S.Ct. 2803, 2811, 81 L.Ed.2d 732 (1984) ("Indeed, private persons such as petitioners have no judicially cognizable interest in procuring enforcement of the immigration laws by the INS."); *see also Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Sattler v. Johnson*, 857 F.2d 224, 226-27 (4th Cir. 1988). Although plaintiff asked the FBI agent to investigate the

incident, the agent had no affirmative constitutional duty to plaintiff to do so. *Andrews v. Fowler*, 98 F.3d 1069, 1078-79 (8th Cir. 1996) (dismissing civil rights claim against police chief for failing to investigate plaintiff's rape; holding that failure to investigate "did not rise to the level of a separate constitutional violation of [the plaintiff's] rights."); *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (stating "we can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."); *Beard v. O'Neal*, 728 F.2d 894, 899 (7th Cir. 1984); *Fulson v. Columbus*, 801 F. Supp. 1, 6 (S.D. Ohio 1992); *Doe v. Pocomoke City*, 745 F. Supp. 1137, 1139 (D. Md. 1990); *Moses v. Kennedy*, 219 F.Supp. 762 (D. D.C. 1963) (holding that a private citizen does not have a constitutional right to have his claim investigated and prosecuted by the FBI), *aff'd sub nom., Moses v. Katzenbach*, 342 F.2d 931 (D.C. Cir. 1965); *Lovoi v. F.B.I.*, No. 99-3563, 2000 WL 33671769, at *2 n.4 (E.D. La. 2000) ("Citizens do not enjoy a constitutional right to have their claims investigated by federal or local executive officials.").  For the same reason, a claim asserted under *Bivens* against "Agent X" in his individual capacity would fail.

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 5) is GRANTED.

And it is respectfully RECOMMENDED:

That this cause be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B), and the clerk be directed to close the file.

At Pensacola, Florida this 5th day of April, 2006.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**